[Civ. No. 21124.   Second Dist., Div. One.   Oct. 31, 1955.]

MAXINE V. JUE, as Administratrix, etc., et al., Appellants,
v. SAN TONG JUE et al., Respondents.

Robert A. Waring and Andrew J. Copp, Jr., for Appellants.

John N. Hurtt for Respondents.

DORAN, J.—This is an appeal from a judgment sustaining the demurrer without leave to amend.

Jue Joe, the father, and San Tong Jue, the son, were in the wholesale produce business. The business was extensive and alleged to be valued at several hundred thousand dollars.

According to the record, upon the father's death the son took over the business. As stated in appellants' brief and alleged in substance:

"Upon the death of Jue Joe, said San Tong Jue held a dominating and influential position with the surviving members of the Jue Joe family; they being female, respected him and his judgment and placed and reposed great confidence and trust in him and in his word and conduct in relation to the Estate of Jue Joe, deceased. Said San Tong Jue coveted the entire estate of Jue Joe, deceased, sought to obtain possession of and title to the same, to the total exclusion of all other heirs of Jue Joe, deceased. To accomplish this, on the day of Jue Joe's death, San Tong Jue, not having access to his father's safety deposit box in the bank with which Jue Joe had carried on his banking business, took his two sisters who did have joint access to said box, and without disclosing to the bank the fact of his father's death, obtained possession of the contents of said box which included the decedent's last Will and Testament that had been prepared by plaintiff, Rush M. Blodget and executed under Mr. Blodget's direction. In order to prevent probate administration of said decedent's estate, defendant San Tong Jue concealed the Will and instructed his sisters never to disclose to anyone that he had obtained possession of it or that it, in fact, existed. He succeeded in concealing the Will and the fact of its existence, from the County Clerk, from the Executor therein named, plaintiff Rush M. Blodget, and all other interested persons, for a period of ten years, at which time one of the sisters disclosed the foregoing facts to her counsel and as a result, defendant was compelled to deliver the Will to court, same was admitted to probate and Rush M. Blodget was appointed and duly qualified as Executor thereof.

"In furtherance of said defendant's plan to appropriate all of the assets of the decedent, to the exclusion of the other heirs-at-law, the defendant San Tong Jue approached his sister, the plaintiff Dorothy Jue Moe, and under threat of death, procured a deed from her to property in Tulare County which had been given to her by her father, the decedent Jue Joe, as a gift during his lifetime, and had been paid for by her father out of his earnings in the Jue Joe Company.

"In furtherance of his plan to acquire title to and possession of all of the property belonging to said decedent, to the total exclusion of the other heirs-at-law, said defendant San Tong Jue persuaded his sister Corinne Jue Kwok to

convey to his son, the defendant Jack Jue and deliver to him, possession of certain property in Los Angeles County, State of California which had been given to her by her father, the decedent Jue Joe, as a gift during his lifetime and had been paid for by her father out of his earnings in the Jue Joe Company. Title to said property was conveyed to said Jack Jue as a convenience to defendant San Tong Jue, his son Jack having been born in this country, was qualified to hold real property in California, while the defendant San Tong Jue having been born in China, was not so qualified under the California Alien Land Act. Defendant San Tong Jue persuaded his sister, defendant Corinne Jue Kwok to make such reconveyance under the false and fraudulent promise that he made to her that he would hold said property in trust and manage the same for the sole use and benefit of all members of the family who were the heirs-at-law of decedent.

"After acquiring title to and possession of all of the assets of the estate of Jue Joe, deceased, defendant San Tong Jue did the following things:

"He continued to operate the partnership business without change of name or location and without an accounting to the executor or to anyone else; appropriated all the monies obtained from that lucrative business and now claims that he is the sole owner thereof to the exclusion of all other members of the family."

Other acts alleged to be unlawful and fraudulent are also alleged.

The complaint alleges that,

"In the first cause of action plaintiffs alleged that three actual controversies existed between the plaintiffs on the one side and defendants on the other, . . .

"In said first cause of action plaintiffs alleged that they desired to have a declaration of plaintiffs' rights or duties with respect to the said defendant, San Tong Jue concerning said three actual controversies.

"In said second cause of action, the facts concerning the actual controversy above mentioned . . . were set forth in greater detail.

"In said third cause of action the facts concerning the actual controversy above mentioned . . . were set forth in greater detail.

"In said fourth cause of action the facts concerning the actual controversy above mentioned . . . were set forth in greater detail.

"The primary purpose of the several causes of action was and is to obtain from the Court a declaration of rights, duties and obligations as between plaintiffs on the one side and defendants on the other, in relation to the actual controversies specified."

Respondent argues that the complaint does not state a cause of action for declaratory relief; that the action is barred by the statute of limitations and that defendant is not estopped from raising the question also that the court has not abused its discretion in sustaining the demurrer to the fourth amended complaint without leave to amend.

As stated in the trial court's opinion,

"The third amended complaint was filed October 27, 1953, and with the filing of defendants' demurrer and motion to strike the court had its first opportunity to examine the pleadings. The matter having been fully briefed and argued, the demurrer was sustained on May 10, 1954, with leave to amend in sixty days." The opinion also set forth,

"I am not unmindful of the other contentions made by plaintiffs, including those contained in their extensive memorandum of points and authorities filed in support of their third amended complaint. On careful re-examination of the entire file I can find no ground and no theory on which the complaint can be held to allege facts sufficient to constitute one or more causes of action either for declaratory relief or for any other relief sought by the prayer. When this matter was submitted, counsel for both sides most courteously and properly indicated their intention to seek a review of whatever ruling I might make. It seems to me that the time has come for such a review. I can find no warrant for allowing any further recourse to the amending process.

"The demurrer to the Fourth Amended Complaint is sustained without leave to amend."

Respondents' contentions are of course technical. From a review of the record it appears that appellants are entitled to their day in court and that the question of fact, as alleged in the complaint, should be tried on the merits. The law applicable to such situations is discussed and cited somewhat at length in *Harold Lloyd* v. *California Pictures Corp., ante,* p. 638 [289 P.2d 295]. An examination of that opinion as to the questions of law herein involved discloses that the demurrer should have been overruled.

The judgment is therefore reversed and the cause remanded for further proceedings with instructions that the

demurrer to the fourth amended complaint be overruled and that defendants have a reasonable time to file their answer thereto.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied November 22, 1955, and the opinion was modified to read as above. Respondents' petition for a hearing by the Supreme Court was denied December 28, 1955.